# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01255-WYD-CBS

DILLON COMPANIES, INC.
d/b/a King Soopers, Inc.,
a Kansas corporation

      Plaintiff,

v.

SSR BROOMFIELD, LLC,
a Delaware limited liability company,
MADISON MARQUETTE REALTY SERVICES, LLC
a Delaware limited liability company,
ADS VENTURES, LLC, d/b/a ENTRÉE VOUS
a Colorado limited liability company, and
ENTRÉE VOUS FRANCHISING, LLC,
a Kentucky limited liability company.

      Defendants.

## STIPULATED PROTECTIVE ORDER

The Plaintiff Dillon Companies, Inc. d/b/a King Soopers, Inc. ("King Soopers") and the Defendants ADS Ventures, LLC, d/b/a Entrée Vous ("ADS") and Entrée Vous Franchising, LLC ("EVF") (each individually, a "Party," and collectively, the "Parties"), by and through their respective Counsel, submit the following Stipulated Motion for Protective Order pursuant to Fed.R.Civ.P. 26(c), and as ground therefore state as follows:

      1.     This Stipulated Motion for Protective Order shall apply to documents and other information produced (or, in the case of answers to interrogatories, affidavits, or deposition or other testimony, generated) in discovery by any Party or non-party or its present or former agents, employees, or representatives (collectively, the "Producing Party")

as to which the Producing Party asserts a claim of confidentiality.

2. For the purpose of this Stipulated Motion for Protective Order, "Attorneys' Eyes Only" material shall include documents of a highly sensitive nature whose disclosure to any person could reasonably be anticipated to result in clearly defined and serious injury to the Producing Party, such as trade secret or other confidential and/or proprietary technical, commercial, or financial information.

3. "Confidential" material shall include all non-public, proprietary and commercial sensitive material not otherwise included within the definition of Attorneys' Eyes Only material whose disclosure to the general public could reasonably be anticipated to result in clearly defined and serious injury, such as other technical, research, development or commercial information, including, but not limited to, information about business methods or processes, pricing data, other sales data, financial data, advertising and marketing data, customer lists, employee lists, business and marketing plans, and/or competitive analyses.

4. Any such document, which the Producing Party designates in writing or by stamp as "Confidential" or "Attorneys' Eyes Only" shall be treated as such by all other parties to this action (collectively, the "receiving parties") unless the Court shall rule otherwise. Documents or other information not designated in writing or by stamp as Confidential or Attorneys' Eyes Only are not subject to this Stipulated Motion for Protective Order.

5. All material produced (or, in the case of answers to interrogatories, affidavits, or deposition or other testimony, generated) in connection with this litigation, including but not limited to all materials designated as Confidential or Attorneys' Eyes Only shall be used

for the purposes of this lawsuit only and for no other purpose. Without limiting the foregoing, no materials produced (or, in the case of answers to interrogatories, affidavits, or deposition or other testimony, generated) in connection with this litigation, including but not limited to all materials designated as Confidential or Attorneys' Eyes Only, shall be used in connection with any commercial activities of any Party.

6. Subject to the requirements set forth below, Confidential materials, including any copies, notes, abstracts or summaries thereof, shall be disclosed to and viewed by only the following "Authorized Persons": (a) the receiving parties, (b) their counsel of record, including their paralegal assistants, secretaries and other staff; (c) expert witnesses or other outside consultants; (d) witnesses in the course of preparation for or in the course of deposition or at trial, in the good faith belief of counsel that such disclosure of Confidential materials is necessary for legitimate purposes of preparation of the case or for trial and (e) this Court, court employees, court reporters transcribing testimony herein, and notarizing officers.

7. Subject to the requirements set forth below, Attorneys Eyes' Only material, including any copies, notes, abstracts or summaries thereof, shall be disclosed to and reviewed by only the following "Authorized Persons": (a) the counsel of record for the Receiving Party, including their legal assistants, secretaries, and other staff; (b) witnesses at a deposition or hearing; (c) expert witnesses or other outside consultants; and (d) this Court, court employees, court reporters transcribing testimony herein, and notarizing officers. No person shall be deemed an Authorized Person *solely* because of his/her designation as a witness at a deposition or hearing or trial.

8. In any proceeding challenging the propriety of the disclosure of any material

designated as Confidential or Attorneys' Eyes Only, the Party who is seeking the disclosure of the material designated as Confidential or Attorneys' Eyes Only shall bear the burden of establishing the propriety of the disclosure.

9. Should counsel for any of the receiving parties object to the designation by the Producing Party of any particular material as Confidential or Attorneys' Eyes Only, such counsel shall notify counsel for the Producing Party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been improperly classified and the basis for his or her contention that said document should not be designated as Confidential or Attorneys' Eyes Only. Upon receipt by the designating Party of such written objection, counsel shall negotiate in good faith to resolve the dispute as to the designation. If counsel for the parties are unable to agree upon the handling of the disputed material, counsel for the Receiving Party may file with the Court a motion objecting to the designation of such material as Confidential or Attorneys' Eyes Only. During the pendency of any such objection, dispute, or motion, the material in question shall be handled in accordance with the terms of this Order.

10. In any proceeding challenging the propriety of the designation of any material as Confidential or Attorneys' Eyes Only, the Party who has designated the material as Confidential or Attorneys' Eyes Only shall bear the burden of establishing the propriety of the designation.

11. No one who has access to Confidential or Attorneys' Eyes Only materials pursuant to this Stipulation and Order shall distribute, disclose, divulge, publish, or otherwise make available any Confidential or Attorneys' Eyes Only materials, copies thereof, or extracts or summaries therefrom, to any other person, except persons who are also

authorized to view or have access to these materials pursuant to this Stipulation and Order, and except for the Court or employees thereof as necessary in the conduct of this particular litigation, unless such persons have first obtained leave of the Court or the consent of the Producing Party to disclose such materials.

12. Unless leave of the Court or consent of the Producing Party is first obtained, Confidential or Attorneys' Eyes Only materials shall be used by the receiving parties only in connection with the above-captioned action, including appeals.

13. Before trial or any hearing in open court, counsel for both parties shall negotiate in good faith to seek to reach an agreement on the handling of Confidential or Attorneys' Eyes Only materials at the trial or hearing so as to provide protection against public disclosure of the Confidential materials. If no agreement is reached, counsel shall submit alternate proposals to the Court for its consideration and determination prior to the trial or hearing. The parties shall thereafter abide by such Order, if any, that the Court may enter. Nothing in this Stipulation and Order precludes disclosure of any Confidential or Attorneys' Eyes Only materials to the Court and its employees in accordance with the provisions of this Stipulation and Order.

14. Within sixty (60) days following a final disposition or resolution of the above-captioned action, including all appeals, counsel for the receiving parties shall surrender to counsel for the Producing Party all Confidential or Attorneys' Eyes Only materials previously furnished by the Producing Party, including copies, extracts, notes and summaries made or containing information therefrom, and shall confirm in writing their compliance with this obligation. Nothing in this Stipulation and Order shall prevent counsel for the receiving parties from retaining attorney work product such as any summaries or

other documents or writings prepared by or for said counsel that contain or refer to Confidential or Attorneys' Eyes Only materials, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Order. Counsel for any of the receiving parties who wishes to retain such materials shall give counsel for the Producing Party a written certification that the attorney work product containing or referring to Confidential or Attorneys' Eyes Only materials will be maintained in accordance with this Stipulation and Order.

15. Neither the termination of this lawsuit nor the termination of employment of any person who has access to any Confidential or Attorneys' Eyes Only material shall relieve such person from the obligation of maintaining the confidentiality of such information.

16. Wherefore, King Soopers, ADS, and EVF agree to enter into this Stipulated Motion for a Protective Order.

DATED at Denver, Colorado, this 2nd day of January, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

| FISHERZUCKER LLC | MONTGOMERY LITTLE SORAN & MURRAY, P.C. |
|---|---|
| */s Francis Joseph Dunn, IV*<br>Francis Joseph Dunn, IV<br>FISHERZUCKER LLC<br>21 South 21st Street<br>Philadelphia, PA 19103<br>(215) 825-3130<br>jdunn@fisherzucker.com<br>Attorney for Defendant<br>Entrée Vous Franchising, LLC | */s Christopher A. Taravella*<br>Christopher A. Taravella, #7790<br>MONTGOMERY LITTLE SORAN & MURRAY, PC<br>5445 DTC Parkway, Suite 800<br>Greenwood Village, CO 80111<br>(303) 773-8100<br>ctaravella@montgomerylittle.com;<br>adaurio@montgomerylittle.com<br>Attorney for Plaintiff |

**BROWN & KANNADY, LLC**

*/s Scott T. Kannady*
Scott T. Kannady, Esq.
BROWN & KANNADY, LLC
2000 S. Colorado Boulevard, Tower 2,
Suite 2-610
Denver, CO 80222
(303) 757-3800
scott@brownlegal.com
Attorneys for Defendant
ADS Ventures, LLC